IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SCOTT TROY COOK,

    Plaintiff,

vs.

MATTHEW CATE, et al.,

    Defendants.
                                   /

No. C 11-6581 YGR (PR)

**ORDER OF SERVICE**

## INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at Pelican Bay State Prison (PBSP), filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Thereafter, he filed an amended complaint in which he challenges his placement and retention in administrative segregation in the secure housing unit (SHU) at PBSP on the basis of association with the Aryan Brotherhood prison gang. He names numerous Defendants from PBSP in Crescent City, the California Department of Corrections and Rehabilitation (CDCR) in Sacramento, as well as the California Substance Abuse Treatment Facility (CSATF) and Corcoran State Prison (CSP) in Corcoran. He also names Doe Defendants as "DOES #1-25." He seeks injunctive relief and monetary damages.

His motion for leave to proceed *in forma pauperis* has been granted.

Venue is proper because the events giving rise to some of the claims are alleged to have occurred at PBSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

## DISCUSSION

**I.    Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C.

§ 1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.  Legal Claims

### A.  Due Process Claims

The decision to place and retain a prisoner in administrative segregation must comport with procedural due process only if the specific deprivation at play constitutes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Plaintiff's deprivation here -- a prolonged term of segregation in the SHU at PBSP -- suggests sufficient severity to implicate procedural due process protection. Assuming that this is the case, the Ninth Circuit has held that Plaintiff was entitled to the following procedures before placement in the SHU: (1) an informal non-adversary hearing within a reasonable time after being segregated, (2) notice of the charges or the reasons segregation is being considered, and (3) an opportunity to present his views. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1100 (9th Cir 1986). There also must be "some evidence" to support the decision to segregate plaintiff for administrative reasons, *id.* at 1104-04 (citing *Superintendent v. Hill*, 472 U.S. 445, 455 (1985)), and the evidence relied upon must have "some indicia of reliability," *Madrid v. Gomez*, 889 F. Supp. 1146, 1273-74 (N.D. Cal. 1995). In view of the following, Plaintiff's allegations regarding placement and retention in administrative segregation in the SHU at PBSP, when liberally construed, state cognizable claims under § 1983 for a denial of due process against the following Defendants at PBSP: Wardens F. Juaquez and G. D. Lewis; Chief Deputy Wardens (CDW) D. W. Bradbury and M. Cook; Assistant Warden (AW) K. McGuyer; Facility Captains R. Cox and T. Wood; Lieutenants R. Graves, J. Diggle, P. Wenning, J. E. Pieren, A. Dornbeck, Correctional Counselors D. Vacquez and M. Markel, and Appeals Coordinator C. E. Wilber. He also states the same due process claims against

the following Defendants at CDCR in Sacramento: Director Mathew Cate; Law Enforcement and Investigations Unit ("LEIU") special agents Everett W. Fischer, J. A. Harrison, and Keri Berkler; Office of Appeals Chief D. Foston; and Appeals Examiner D. Van Leer. But the following named CSATF and CSP officials are dismissed because there is no causal connection between them and the alleged wrongdoing at PBSP: CSATF Warden Ken Clark; CSATF CDW S. Sherman; CSATF AW T. Wan; CSATF Facility Captains J. Reynoso and S. Fraunheim; CSATF Institutional Gang Investigator (IGI) S. Furlong; CSATF IGI Sergeant A. Hernandez; CSATF IGI Lieutenant R. A. Garza; CSP IGI D. Berna; CSATF Lieutenant J. Perez; CSATF Correctional Counselors E. Moreno, T. Henne, and J. Cota; CSATF Correctional Officer R. Patch; and CSATF Appeals Coordinator S. Zinani.[1] *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.); *see also Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (supervisor liability under § 1983 requires personal involvement in constitutional deprivation or sufficient causal connection between supervisor's wrongful conduct and constitutional deprivation).

B.  **Eighth Amendment Claims**

Plaintiff's claim that his classification as a gang member and placement in the SHU at PBSP constitutes cruel and unusual punishment under the Eighth Amendment. However, it is well established that the Eighth Amendment's prohibition against cruel and unusual punishment is not violated by classification programs which pursue "important and laudable goals" and are instituted

---

[1] Plaintiff's claims attacking the conditions of his confinement -- including, among others, violations of his due process rights and his First Amendment right to send and receive mail -- against prison officials at CSATF and CSP are more appropriately addressed in a separate civil rights complaint. Therefore, if Petitioner wishes to pursue such claims, he may do so by filing a new civil rights action accompanied by the requisite filing fee or an IFP application in the correct venue. Because CSATF and CSP are located in Corcoran, California, which lies within the venue of the Eastern District of California, and Petitioner seeks immediate injunctive relief and damages from CSATF and CSP prison officials for various conditions of his confinement, it is in the interests of justice and convenience of the parties for these claims to be pursued in the United States District Court for the Eastern District of California. Therefore, Petitioner may file a civil rights action in that venue if he wishes to pursue such claims.

under the State's authority to operate correctional facilities. *See Neal v. Shimoda*, 131 F.3d 818, 833 (9th Cir. 1997) (classification program designed to treat and reduce recidivism of sex offenders is well within state's authority to operate correctional facilities and does not violate contemporary standards of decency). Nor does misclassification inflict pain so as to be cruel and unusual punishment violative of the Eighth Amendment. *See Hoptowit v. Ray*, 682 F.2d 1237, 1255-56 (9th Cir. 1982); *Ramos v. Lamm*, 639 F.2d 559, 566-67 (10th Cir. 1980), *cert. denied*, 450 U.S. 1041 (1981). Accordingly, Plaintiff's Eighth Amendment claims are DISMISSED.

### C. Claims Against Doe Defendants

Plaintiff identifies "DOES #1-25" whose name he intends to learn through discovery. The use of Doe Defendants is not favored in the Ninth Circuit. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. *Id.* Failure to afford the plaintiff such an opportunity is error. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, the claims against the Doe Defendants are DISMISSED from this action without prejudice. Should Plaintiff learn the Doe Defendants' identities through discovery, he may move to file an amended complaint to add them as named defendants. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

### D. State Law Claims

Plaintiff alleges that Defendants' actions relating to his placement and retention in administrative segregation in the SHU in violation of his due process rights also violates various provisions of California constitutional and statutory law. The federal supplemental jurisdiction statute provides that "'district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" 28 U.S.C. § 1367(a).

Plaintiff asserts supplementary state law claims that the actions of Defendants violated the due process rights afforded to him by California constitutional and statutory law. Liberally construed, Plaintiff's allegations satisfy the statutory requirement. Accordingly, the Court will

4

exercise supplemental jurisdiction over Plaintiff's state law claims.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states cognizable claims under § 1983 for a denial of due process against the aforementioned Defendants from PBSP and CDCR.

2. Plaintiff's claims -- including, among others, violations of his due process rights and his First Amendment right to send and receive mail -- against the aforementioned named CSATF and CSP officials are DISMISSED WITHOUT PREJUDICE.

3. Plaintiff's Eighth Amendment claims are DISMISSED.

4. The claims against the Doe Defendants are DISMISSED WITHOUT PREJUDICE.

5. The Court will exercise supplemental jurisdiction over Plaintiff's state law claims.

6. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint and all attachments thereto (docket no. 7) and a copy of this Order to the following Defendants at PBSP: **Wardens F. Juaquez and G. D. Lewis; Chief Deputy Wardens D. W. Bradbury and M. Cook; Assistant Warden K. McGuyer; Facility Captains R. Cox and T. Wood; Lieutenants R. Graves, J. Diggle, P. Wenning, J. E. Pieren, A. Dornbeck, Correctional Counselors D. Vacquez and M. Markel, and Appeals Coordinator C. E. Wilber,** as well as the following Defendants at CDCR: **Director Mathew Cate; Law Enforcement and Investigations Unit Special Agents Everett W. Fischer, J. A. Harrison, and Keri Berkler; Office of Appeals Chief D. Foston; and Appeals Examiner D. Van Leer.** The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

7. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If

service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty-three (63) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty-three (63) days** from the date on which the request for waiver was sent or **twenty-one (21) days** from the date the waiver form is filed, whichever is later.

    8.    Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

    a.    No later than **ninety-one (91) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[2] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012); *Woods*, 684 F.3d at 935 (notice requirement set out in *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers

---

[2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

6

filed with the Court shall be promptly served on Plaintiff.

    b.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **sixty-three (63) days** after the date on which Defendants' motion is filed.

    c.  Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

  Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. *Wyatt*, 315 F.3d at 1120 n.14. You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents -- documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state

7

therein. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. *Stratton*, 697 F.3d at 1008-09.

(The *Rand* and *Wyatt/Stratton* notices above do not excuse Defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

    d.    Defendants shall file a reply brief no later than **twenty-eight (28) days** after the date Plaintiff's opposition is filed.

    e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

9.    Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

10.    All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

11.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

12.    Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: January 29, 2013

_____
**Y**VONNE **G**ONZALEZ **R**OGERS
**U**NITED **S**TATES **D**ISTRICT **C**OURT **J**UDGE