IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SCOTT TROY COOK,

    Plaintiff,

vs.

MATTHEW CATE, et al.,

    Defendants.

No. C 11-6581 YGR (PR)

**ORDER DENYING AS UNNECESSARY PLAINTIFF'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT FOR A SECOND TIME**

Plaintiff, a state prisoner currently incarcerated at Pelican Bay State Prison (PBSP), filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Thereafter, he filed an amended complaint in which he challenged his placement and retention in administrative segregation in the secure housing unit at PBSP on the basis of association with the Aryan Brotherhood prison gang. He named numerous Defendants from PBSP in Crescent City, the California Department of Corrections and Rehabilitation (CDCR) in Sacramento, as well as the California Substance Abuse Treatment Facility (CSATF) and Corcoran State Prison (CSP) in Corcoran. His motion for leave to proceed *in forma pauperis* has been granted.

In an Order dated January 29, 2013, the Court issued its Order of Service upon finding that Plaintiff had stated cognizable claims under § 1983 for a denial of due process against Defendants from PBSP and CDCR. Plaintiff's remaining claims -- including, among others, violations of his due process rights and his First Amendment right to send and receive mail -- against the CSATF and CSP officials were dismissed without prejudice because such claims should instead be addressed in a separate civil rights complaint filed in the United States District Court for the Eastern District of California as these officials reside in that district. Plaintiff's Eighth Amendment claims were also dismissed without prejudice. Finally, the Court exercised supplemental jurisdiction over Plaintiff's state law claims.

Before the Court is Plaintiff's request for leave to amend his complaint for a second time in order to do the following:

(1) add Defendant D. Jacquez;
(2) remove all claims against Defendants "that pertain to the Eastern District [that]

were dismissed without prejudice by this Court";
(3) remove the Eighth Amendment claim dismissed by this Court; and
(4) remove the "excess verbage in the facts that are legal arguments" and "clean up some of his complaint."

(May 22, 2013 Mot. at 1.)

First, Plaintiff has already informed the Court that Defendant "D. Vacquez" (who was originally listed as such in his amended complaint) should actually be listed as "D. Jacquez." (Docket No. 38.) On June 10, 2013, the Clerk sent a Notice of Lawsuit and Request for Waiver of Service to Defendant D. Jacquez at PBSP. (Docket No. 44.)

Second, as mentioned above, the Court has dismissed without prejudice Plaintiff's claims against the CSATF and CSP officials (who reside in the Eastern District) as well as his Eighth Amendment claims. There is no need to "remove" those claims as they have already been dismissed.

Finally, the Court finds that there is no reason for the Plaintiff to "clean up" his complaint by removing "excess verbage."

Accordingly, the Court DENIES as unnecessary Plaintiff's motion for leave to amend his complaint for a second time.

This Order terminates Docket No. 39.

IT IS SO ORDERED.

DATED: July 12, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**